

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

August 30, 1951

Hon. Homer Garrison, Jr., Director
Texas Department of Public Safety
Camp Mabry
Austin, Texas          Opinion No. V-1266

                        Re:  Construction of House Bill
                             No. 581, Acts 52nd Leg.,
                             1951, codified as Article
                             802d, V.P.C., regulating
                             punishment of minors for
Dear Col. Garrison:          driving while intoxicated.

        You have requested the opinion of this office
on several questions relative to House Bill 581, Acts
52nd Leg., 1951, ch. 436, p. 786, codified as Article
802d, V.P.C., which creates the offense of driving while
intoxicated by minors between the ages of fourteen and
seventeen years.  Your questions are as follows:

        "1.  If a minor who has reached his four-
    teenth birthday but has not reached his seven-
    teenth birthday is convicted of driving while
    intoxicated, is his license to operate a motor
    vehicle automatically suspended under the pro-
    visions of Section 24, Art. 6687b, Vernon's
    Ann. Civ. Statutes of Texas?

        "2.  Sec. 3 of H. B. 581, 52nd Texas Leg-
    islature, provides that a minor between four-
    teen and seventeen convicted of D.W.I. may be
    placed on probation by the court.  When such a
    person is convicted and placed on probation,
    is the conviction a final conviction as required
    by Sec. 24, Art. 6687b, relating to the auto-
    matic suspension of licenses?

        "3.  Assume that a minor fifteen years of
    age is convicted of D.W.I. and that he is sub-
    sequently convicted of D.W.I. when sixteen years
    of age, would the second offense be punished as
    provided in Section 1, H. B. 581, or would it
    constitute a felony?  Upon the second conviction
    could his license to operate a motor vehicle be
    suspended for one year?

"4.   Suppose a minor was first convicted of D.W.I. just prior to his seventeenth birthday and was subsequently convicted of D.W.I. when eighteen years of age, would the second conviction be punished as in the case of adults convicted the second time?"

We set out initially the pertinent provisions of House Bill 581, which has now been codified as Article 802d, V.P.C., as follows, eliminating the formal parts thereof:

"Section 1.   Any minor who has reached his or her fourteenth (14th) birthday but has not reached his or her seventeenth (17th) birthday and who drives or operates an automobile or any other motor vehicle upon any public road or highway in this State, or upon any street or alley within the limits of an incorporated city, town or village, in a reckless manner, at an excessive rate of speed, or while under the influence of intoxicating liquors, as hereinafter defined in this Act, shall be guilty of a misdemeanor and upon conviction shall be punished by a fine of not less than One Dollar ($1) nor more than Fifty Dollars ($50).

"Sec. 2.   (a)   Any minor who drives any vehicle in willful or wanton disregard of the rights or safety of others or without due caution or circumspection, and at a speed or in a manner so as to endanger or be likely to endanger a person or property shall be guilty of reckless driving.

"(b)   Any minor who operates a motor vehicle at a speed in excess of the maximum speed allowable under existing law shall be guilty of speeding.

"(c)   Any minor who drives or operates an automobile or any other vehicle while such person is intoxicated or under the influence of intoxicating liquors shall be guilty of driving or operating a motor vehicle while under the influence of intoxicating liquors.

"Sec. 3.  Provided that for good cause shown, and when it shall appear to the satisfaction of the court that the ends of justice and the best interest of the public as well as the defendant will be subserved thereby, the courts of the State of Texas having original jurisdiction of such criminal actions shall have the power after conviction or plea of guilty to suspend the imposition of such fine and may place the defendant on probation for a period of ninety (90) days.

"Any such minor placed on probation shall be under the supervision of such court.

"Sec. 4.  Nothing contained in this Act shall be construed to repeal or affect any other Statutes regulating the powers and duties of Juvenile Courts; the provisions of this Act shall be cumulative with all other Acts on this subject."

We turn now to your questions and will dispose of them in the order asked.

1.  If a minor who has reached his fourteenth birthday but has not reached his seventeenth birthday is convicted of driving while intoxicated, is his license to operate a motor vehicle automatically suspended under the provisions of Section 24, Art. 6687b, Vernon's Ann. Civ. Statutes of Texas?

The provision in the drivers' license statute providing for automatic suspension of licenses, being Section 24 of Article 6687b, V.C.S., reads as follows:

"(a)  The license of any person shall be automatically suspended upon final conviction of any of the following offenses:

"  .  .  .

"2.  Driving a motor vehicle while under the influence of intoxicating liquor .  .  ."

It is pertinent to observe at this point that House Bill 581, which is now Article 802d, V.P.C., creates an entirely new offense.  Prior to its passage, male

juveniles under seventeen years of age and female juveniles under eighteen years of age were not subject to punishment for crimes but were subject only to the provisions of Article 2338-1, V.C.S., which established juvenile courts and provides the procedure for trials for juvenile delinquency.  Section 12 of that statute specifically provides that:

> "If during the pendency of a criminal charge or indictment against any person in any other court than a Juvenile Court, it shall be ascertained that said person is a female over the age of ten (10) years and under the age of eighteen (18) years, or is a male person over the age of ten (10) years and under the age of seventeen (17) years at the time of the trial for the alleged offense, it shall be the duty of such court to transfer such case immediately together with all papers, documents and testimony connected therewith to the Juvenile Court of said county."

The offenses created by House Bill 581 are a departure from the general policy for handling juvenile offenders and constitute exceptions to the foregoing la guage.  As to the offenses thus created, Article 2338-1 V.C.S., will not apply.

Turning back to the drivers' license law, we note that the automatic suspension provided for in Section 24 of Article 6687b is for conviction of "driving a motor vehicle while under the influence of intoxicating liquor."  That is almost the precise gravamen of th offense created by House Bill 581 relative specifically to driving while intoxicated, except that the gravamen is inclusive of factual allegations of minority.  We do not think that the particular offense of driving while intoxicated by a minor, which is one of the offenses cr ated by House Bill 581, is distinguishable, because of the minority of the defendant, from the offense describ in Section 24 of Article 6687b as "driving a motor vehi cle while under the influence of intoxicating liquor."  section of the drivers' license law does not purport to fer specifically to any particular section of the Penal Code other than to describe very generally the characte of the offenses for which automatic suspension will be consequence.

We therefore hold in answer to your first question that a minor who holds a license issued under Article 6687b, who, being within the age bracket of fourteen to seventeen years, is convicted of driving while intoxicated as provided by House Bill 581, being Article 802d, V.P.C., shall for the first conviction suffer an automatic suspension of such license for the period and within the provisions of Section 24 of Article 6687b.

2. Sec. 3 of H. B. 581, 52nd Texas Legislature, provides that a minor between fourteen and seventeen convicted of D.W.I. may be placed on probation by the court. When such person is convicted and placed on probation, is the conviction a final conviction as required by Sec. 24, Art. 6687b, relating to the automatic suspension of licenses?

Section 3 of House Bill 581, to which you refer in your second question, is set forth above.

This office has previously ruled in Opinion V-1157 (1951) that the suspension of a sentence in connection with a conviction does not affect the automatic suspension of a driver's license if the offense is one of the enumerated offenses set out in Section 24 of Article 6687b. Similarly, this office has held in Opinion V-408 (1947) that placing a convicted adult defendant on probation under the Adult Probation and Parole Law, being Article 781b, V.C.C.P., does not permit the convicting court to include within the comprehension of the probation a remission of the automatic suspension of the driver's license of the defendant, when the offense is one of the enumerated offenses set out in Section 24 of Article 6687b.

In so far as the effect of the suspension of sentence or placing the defendant on probation is concerned, we see no reason for distinguishing between an adult and a minor with regard to the consequence of such action on the automatic suspension of a minor's driver's license. We hold that the action of a convicting court in placing a minor on probation under Section 3 of House Bill 581 does not alter or affect the suspension of the driver's license as an automatic consequence of the conviction for one of the offenses set out in Section 24 of Article 6687b.

3. Assume that a minor fifteen years of age is convicted of D.W.I. and that he is subsequently convicted of D.W.I. when sixteen years of age, would the

second offense be punished as provided in Section 1,
H. B. 581, or would it constitute a felony?  Upon the
second conviction could his license to operate a motor
vehicle be suspended for one year?

Your reference to whether the second offense
of driving while intoxicated by a minor might be a fel-
ony requires reference to Article 802b, V.P.C., which
prescribes the penalty for the second or a subsequent
offense of driving while intoxicated.  That statute de-
fines a separate offense from the offense of driving
while intoxicated by a minor.  Under Article 2338-1,
V.C.S., and prior to the passage of House Bill 581, a
minor may not be punished for crime, which, of course,
includes the felony offense of a second or subsequent
conviction for driving while intoxicated, as set out in
Article 802b, V.P.C.  House Bill 581 establishes the mis-
demeanor offense of driving while intoxicated by a minor
as one exception to the provisions of Article 2338-1.
The felony offense of a second or subsequent conviction
for driving while intoxicated is not included as an ex-
ception to Article 2338-1, and that statute would pre-
clude punishing a minor for the second conviction of
driving while intoxicated as a felony under Article
802b, V.P.C.

However, a person might be convicted several
times for repetitions of the misdemeanor offense of driv-
ing while intoxicated, as defined by House Bill 581,
while still a minor.  Upon the second conviction under
this statute for driving while intoxicated, the driver's
license of the minor so convicted would be suspended for
a year, under Section 24 of Article 6687b, regardless of
the fact that both convictions were misdemeanors.  Tatum
v. Texas Department of Public Safety, 241 S.W.2d 167 (Tex
Civ. App. 1951, error ref.).

4.  Suppose a minor was first convicted of
D.W.I. just prior to his seventeenth birthday and was
subsequently convicted of D.W.I. when eighteen years of
age, would the second conviction be punished as in the
case of adults convicted the second time?

This question requires a construction of Arti-
cle 802b, V.P.C., which reads:

"Any person who has been convicted of
the misdemeanor offense of driving or oper-
ating an automobile or other motor vehicle

> upon any public road or highway in this State
> or upon any street or alley within an incor-
> porated city, town or village, while intoxi-
> cated or under the influence of intoxicating
> liquor, and who shall thereafter drive or
> operate an automobile or other motor vehicle
> upon any public road or highway in this
> State or upon any street or alley within
> the limits of an incorporated city, town
> or village, while such person is intoxi-
> cated or under the influence of intoxicat-
> ing liquor, shall be guilty of a felony and
> upon conviction be punished by confinement
> in the penitentiary for any term of years
> not less than one (1) nor more than five
> (5)." (Emphasis added.)

This penal law creates a separate offense; it is not a matter of enhancement of the penalty. _Haynes v. State_, 200 S.W. 2d 824 (Tex. Crim. 1947).

There is, of course, a fundamental rule of statutory construction that penal laws are strictly con- strued. This being true, we must construe Article 802b, V.P.C., strictly in determining whether its reference to any person who has been previously convicted of "the mis- demeanor offense of driving . . . while intoxicated . . ." may be construed to include a conviction for the newly cre- ated offense of driving while intoxicated by a minor as created by House Bill 581.

An examination of the history of the statutes relating to driving while intoxicated is enlightening and we think is of value in determining the answer to this question.

As first passed in 1923, Article 802 of the Penal Code provided that the offense of driving while intoxicated was a felony, and thus it remained through subsequent legislative amendments until 1941, when the 47th Legislature passed an Act changing the first offense to a misdemeanor and adding Article 802b and Article 802c of the Penal Code, creating two new offenses. That 1941 Act, which was Acts 47th Leg., 1941, ch. 507, p. 819, was comprehensive of the drunken driving offenses at that time. By turning to that Act and observing it in the light of the history of the offense of driving while in- toxicated, it will be seen that when Section 2 of that Act -- which originally enacted Article 802b of the Penal

Code -- referred to "the misdemeanor offense of . . .
driving while intoxicated," it clearly referred to the
misdemeanor offense which was simultaneously created
by Section 1 of the same Act, because before the pas-
sage of that Act the first or a subsequent offense of
driving while intoxicated had consistently been a fel-
ony. We conclude that the reference remains unchanged.

We therefore hold that the conviction of a
minor for the offense of driving while intoxicated in
violation of House Bill 581, codified as Article 802d,
V.P.C., may not be used as a prior conviction to form
the basis of a conviction for violating Article 802b,
V.P.C., for a second or subsequent conviction for driv-
ing while intoxicated.

We are, of course, not passing on the consti-
tutionality of House Bill 581, that question not having
been asked.

### SUMMARY

Conviction of a minor for driving while
intoxicated in violation of Article 802d,
V.P.C., automatically suspends any license
to operate a motor vehicle which such minor
may have, under Section 24 of Article 6687b,
V.C.S.

When a minor is convicted of driving
while intoxicated in violation of Article
802d, V.P.C., and placed on probation, the
probation does not affect the automatic sus-
pension of the license to operate a motor
vehicle of such minor.

A minor convicted a second or subse-
quent time for driving while intoxicated
in violation of Article 802d, V.P.C., may
only be convicted of a misdemeanor, but upon
the second conviction the minor's license to
operate a motor vehicle is automatically sus-
pended for a year, under Section 24 of Arti-
cle 6687b, V.C.S.

Conviction of a minor for driving while
intoxicated in violation of Article 802d,
V.P.C., may not be used as the basis for con-
victing such person of the felony offense of

driving while intoxicated upon a second or subsequent conviction, in violation of Article 802b, V.P.C.

APPROVED:

Ned McDaniel
State Affairs Division

Everett Hutchinson
Executive Assistant

Price Daniel
Attorney General

DJC:jmc

Yours very truly,

PRICE DANIEL
Attorney General

By *Dean J. Capp*
Dean J. Capp
Assistant